**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**MAGNOLIA WELLNESS GROUP LLC, et al.**                                  **PLAINTIFFS**

**v.**                                               **CIVIL ACTION NO: 3:25-CV-00222-JDM-RP**

**BRIAN R. KAHN, et al.**                                            **DEFENDANTS**

**ORDER PARTIALLY LIFTING STAY AND**
**GRANTING LIMITED JURISDICTIONAL DISCOVERY**

The Defendants, excluding Brian R. Kahn, have moved to dismiss Magnolia Wellness's[1] amended complaint. Defendants argue the Plaintiffs failed to plead sufficient facts to establish personal jurisdiction over them.[2]

In response, Magnolia Wellness asserts, at a minimum, jurisdictional discovery is necessary to show the individual defendants directed acts at Mississippi that subject them to personal jurisdiction here. Magnolia Wellness contends the Defendants possess certain information that, if obtained through discovery, would enable it to more ably plead personal jurisdiction. Specifically, Magnolia Wellness asserts the Defendants' franchise company abruptly cut off Magnolia Wellness's access to its franchise email accounts when it declared bankruptcy. And recovery of its email communications would lead to the discovery of jurisdictional facts.

Under these circumstances, this Courts finds Magnolia Wellness's request for jurisdictional discovery should be granted.

---

[1] Plaintiffs Magnolia Wellness Group LLC and Magnolia Wellness Group 2 LLC are referred to collectively as "Magnolia Wellness."

[2] Defendants also argue the amended complaint fails to state claims against them.

"In considering a motion to dismiss for lack of personal jurisdiction a district court may consider 'affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery.'" *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002) (quoting *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985)). To that end, district courts have broad discretion to permit jurisdictional discovery. *Wyatt v. Kaplan*, 686 F.2d 276, 283-84 (5th Cir. 1982); *see also Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.13, 98 S. Ct. 2380, 2389, 57 L. Ed. 2d 253 (1978) ("[W]here issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues."); 4 Fed. Prac. & Proc. Civ. § 1067.6 (4th ed.) ("A court also has discretion to stay consideration of a motion to dismiss for lack of personal jurisdiction to allow the parties additional time to engage in discovery relevant to the jurisdictional issue when there is some basis for believing that would be fruitful."). "The party seeking discovery must establish its necessity." *Pace v. Cirrus Design Corp.*, 93 F.4th 879, 902 (5th Cir. 2024) (citing *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009)). A party "does so by making 'clear which specific facts he expects discovery to find[.]'" *Id.* (quoting *Johnson v. TheHuffingtonPost.com, Inc.*, 21 F.4th 314, 326 (5th Cir. 2021)).

Here, this Court finds Magnolia Wellness has established jurisdictional discovery is necessary and would be fruitful. Specifically, Magnolia Wellness has shown that, if permitted to recover its franchise email communications, it would discover the individual Defendants' communications and acts aimed at Mississippi, the forum state. Further, because Defendants have knowledge of their respective contacts with Mississippi, a limited number of interrogatories and requests for production of documents could reasonably lead to jurisdictional facts.

Therefore, this Court partially lifts the stay imposed based on the Defendants' assertion this Court lacks jurisdiction over them. [41] Magnolia Wellness shall be permitted to conduct limited

discovery relevant to the question of personal jurisdiction.  Specifically, Magnolia Wellness shall be permitted to obtain discovery of any incoming and outgoing email communications from its franchise email accounts. Magnolia Wellness may also propound on each defendant five interrogatories and five requests for production of documents tightly focused on jurisdiction-related issues.  No depositions shall be permitted at this time.  This jurisdiction-related discovery shall be completed within sixty (60) days from the date of this order.  At the end of the sixty-day discovery period, Magnolia Wellness shall have fourteen (14) days to file any additional response to Defendants' Motion to Dismiss Amended Complaint. [38]  Defendants then shall have seven (7) days to file a reply.

SO ORDERED, this the 31st day of March 2026.

/s/ James D. Maxwell II
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI